NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DEUTSCHE BANK NATIONAL TRUST
COMPANY, as trustee, on behalf of
the holders of the J.P. Morgan
Mortgage Acquisition Trust 2007-CH1
Asset Backed Pass-Through
Certificates, Series 2007-CH1,

    Appellant,

v.

    Case No. 2D17-1911

JAMES SHEARD a/k/a JAMES BELL
SHEARD; CHASE BANK USA,
NATIONAL ASSOCIATION f/k/a
CHASE MANHATTAN BANK, USA
N.A.; CITIBANK (SOUTH DAKOTA)
NA; UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE;
UNKNOWN TENANT #1; ANY AND
ALL UNKNOWN PARTIES CLAIMING
BY, THROUGH, UNDER AND
AGAINST THE NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE,
WHETHER UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR
OTHER CLAIMANTS,

    Appellees.
_____

Opinion filed June 8, 2018.

Appeal from the Circuit Court for Lee

County; Thomas S. Reese, Senior Judge.

Joseph T. Kohn and Benjamin B. Brown of
Quarles & Brady, LLP, Naples, for
Appellant.

Roy W. Foxall of Roy W. Foxall, P.A., Fort
Myers for Appellee James Sheard a/k/a
James Bell Sheard.

No appearance for remaining Appellees.

KHOUZAM, Judge.

Deutsche Bank National Trust Company (the Trust) timely appeals the order dismissing its foreclosure action against James Sheard. The court dismissed the suit based on Sheard's claim at trial that he did not receive the default notice letter because the Trust sent it to the wrong address. Regardless of whether it was appropriate for the trial court to consider Sheard's defense in the first place, an issue we do not need to address, the Trust showed substantial compliance with the notice requirements. Accordingly, we reverse and remand for the trial court to enter a final judgment of foreclosure in favor of the Trust.

The record shows that Sheard admitted in response to a request for admissions that the Trust had sent the notice letter and that he had indeed received it. These admissions were never withdrawn or amended. Sheard also failed to provide a witness and exhibit list prior to trial, even though the Trust had sent him a request for a pretrial meeting to exchange exhibits to be used at trial. Despite these circumstances, the main issue at trial became Sheard's defense that he had never received the notice letter because it was sent to the property address instead of his secondary mailing

- 2 -

address. The Trust objected to Sheard presenting this defense because he never provided a witness and exhibit list, which would have indicated that Sheard's receipt of the letter was at issue. Perplexingly, the Trust neglected to bring Sheard's admissions on this exact point to the court's attention during trial. Over the Trust's objection, Sheard introduced testimony and documents into evidence in support of his defense. The court ultimately granted Sheard's motion to dismiss based on a finding that the Trust had failed to comply with a condition precedent because the notice of default letter was mailed to the wrong address. On rehearing, the Trust argued that it was unfairly surprised by Sheard's defense in part because of Sheard's admissions. The motion for rehearing was denied.

On appeal, the Trust argues that, for multiple reasons, it was improper for the trial court to allow any evidence on the issue of whether the default letter had been mailed or received. We decline to address this issue because, regardless of whether the defense was appropriately considered, we agree with the Trust that the evidence presented did not support involuntary dismissal. Rather, it showed that the Trust had substantially complied with the notice requirements.

A mortgage is interpreted and applied like any other contract, and, "[i]n Florida, a party's adherence to contractual conditions precedent is evaluated for substantial compliance or substantial performance." Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 13 (Fla. 2d DCA 2015). Paragraph 15 of the mortgage provides that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means" and "[t]he notice

address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender."  Here, the evidence showed that the Trust had sent the notice letter to the property address.  Though there was evidence that Sheard had at one point designated a substitute address, the servicer's records indicated that it was no longer needed.  Specifically, the Trust's witness, a case manager for the current servicer, stated that the substitute address used by the prior servicer was no longer necessary and so correspondence was sent to the property address pursuant to paragraph 15 of the mortgage.

This evidence shows that the servicer reasonably relied on its records indicating that the property address was the appropriate notice address.  Moreover, the property address was a valid address for Sheard and next door to his secondary address.  Under these circumstances, the servicer substantially complied with the notice requirements set forth in the mortgage.

Accordingly, we reverse the circuit court's order dismissing the Trust's foreclosure action against Sheard.  And because the Trust otherwise established its right to foreclose, we remand for the trial court to enter a final judgment of foreclosure in the Trust's favor.  See Hawthorne, 197 So. 3d at 1241.

Reversed and remanded with instructions.

LaROSE, C.J., and LUCAS, JJ., Concur.